D. Blair Clark
LAW OFFICES OF D. BLAIR CLARK PC
967 E. Parkcenter Blvd., #282
Boise, ID 83706
Phone: (208) 475-2050
Fax: (208) 475-2055
Email: dbc@dbclarklaw.com
Idaho State Bar No. 1367
Attorneys for Debtors

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re: | Case No. **20-01065-NGH** |
| **ZAVERUKHA, PETR LEONIDOVICH** **ZAVERUKHA, OLGA A** | **OBJECTION TO APPLICATION TO EMPLOY REALTOR** |
| Debtors | |

COME NOW the Debtors and OBJECT to the Application to Employ Realtor filed by the

Trustee, docket 26, as and for the following reasons:

1.	Debtors are the owners of the property at 9344 S. COPELAND WAY, KUNA, ID 83634.

The property is their principal residence.

2.	From dialogue between the Trustee and counsel for Debtors, it is understood that Trustee

desires to list and sell their residence.   According to the information furnished by the Trustee, the

realtor sought to be appointed believes the property is worth $480,000, which would, if true, yield a

dividend for creditors.

3.	However, the Debtors have sought and obtained certified market analyses from other

OBJECTION TO APPLICATION TO EMPLOY REALTOR - Page 1

realtors, which shows that the property is worth far less than the number believed by the Trustee's

realtor.    Trustee simply refuses to discuss the point further.    Debtors have obtained a certified

appraisal of the property showing a value of $432,000, which would not yield a dividend to anybody,

and when figuring in the loan balance and the homestead exemption actually shows a deficit.

4.        Regardless, Debtors have offered to pay to the Trustee the sum of $17,000, which they

have been able to obtain from family and members of their church, to resolve the matter.    This would

yield a substantial dividend to those creditors who have valid claims.    However, Trustee refuses to

discuss the situation further and has given notice that he intends to list their home immediately.

5.        Debtors believe that the actions of the Trustee are arbitrary and capricious. In the current

residential market, this action would leave the Debtors homeless, and the homestead exemption, if not

invested in another property within six months, would possibly revert to the Trustee under the current

decisions of the District Court for this District (which Debtors understand is on appeal but at this writing

is still the controlling decision.    Debtors would not qualify for another residential loan, and are fearful

that with the shortage of rental properties, they would not qualify for a rental due to their bankruptcy,

and become homeless.    The actions of the Trustee have caused great emotional distress upon the

family.

6.        Debtors assert that they are ready, willing and able to pay to the Trustee the sum

aforesaid to resolve the matter, even though the appraisal does not warrant this action.    The appraisal,

however, should be considered as better evidence due to the fact that regardless of the price offered or

agreed to, the appraisal value determines the amount a new purchaser could obtain for home financing.

The chances of exceeding appraisal value are, in their opinion, highly unlikely due to that factor.

OBJECTION TO APPLICATION TO EMPLOY REALTOR - Page 2

WHEREFORE, Debtors pray that the Application be DENIED at this time.

Dated this 18th day of May, 2021.

LAW OFFICES OF D. BLAIR CLARK PC


/s/ D. Blair Clark
by_____
D. Blair Clark
Attorneys for Debtors

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2021, I caused to be served a true and correct copy of the foregoing by ECF, to the following:

Patrick Geile, Trustee

US Trustee

All registered ECF participants


 /s/ D. Blair Clark_____
D. Blair Clark